1
2
3
4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    PHILIP W. HENDERSON,                      Case No. 16-cv-03972-JSC

8                 Plaintiff,

9          v.                                  **ORDER OF DISMISSAL**

10   U.S. DISTRICT COURT JUDGE
     CLAUDIA WILKEN,
11                Defendant.

12                                      **INTRODUCTION**

13          Plaintiff, a California prisoner, filed this pro se civil rights complaint under *Bivens v. Six*

14   *Unknown Federal Narcotics Agents*, 403 U.S. 388, 392-97 (1971) (finding implied right of action

15   under Constitution against federal government officials), against a federal judge who denied his

16   petition for a writ of habeas corpus.[1]  Plaintiff's application to proceed *in forma pauperis* is

17   granted in a separate order.  For the reasons explained below, the complaint is dismissed.

18                                    **STANDARD OF REVIEW**

19          Federal courts must engage in a preliminary screening of cases in which prisoners seek

20   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

21   1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

22   the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

23   may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

24   § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

25   F.2d 696, 699 (9th Cir. 1990).

26          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   _____

28   [1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. §
     636(c).  (ECF No. 6.)

United States District Court
Northern District of California

claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

### LEGAL CLAIMS

Plaintiff alleges that United States District Court Judge Claudia Wilken violated his constitutional rights in denying his petition for a writ of habeas corpus.  Judge Wilken denied Petitioner's petition in 2007 in a decision that was subsequently affirmed on appeal.  *See Henderson v. Newland*, No. C 98-4837 (N.D. Cal.) (ECF Nos. 54, 62).  Plaintiff refers to Case No. "01-3691," [2] which Judge Wilken closed after determining that it should be filed as a motion for reconsideration in Case No. C 98-4837 CW and granted, ordering the respondent to file an answer to the habeas corpus petition.  C 98-4837 (ECF No. 17).  In the instant petition, Petitioner seeks injunctive relief, specifically a hearing, a declaration that his federal constitutional rights were violated, and an order directing this Court to provide him with "a constitutionally valid proceeding."

A federal judge is absolutely immune from civil liability for acts performed in her judicial capacity and, unlike the judicial immunity available to state judges, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.  *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*).  This is because if a federal judge violates a litigant's constitutional rights in a

---

[2]Plaintiff also refers to Case No. 00-0806.  That is the number assigned to his case in the Eastern District of California before it was transferred here.

proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code. *See id.* Plaintiff sues Judge Wilken for acts performed in her judicial capacity, specifically the rulings she made in Plaintiff's case. Judge Wilken is absolutely immune for liability for such acts. Accordingly, the complaint must be dismissed for failure to state a cognizable claim for relief.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 2, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge